UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CCT ENTERPRISES, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:14-CV-249 |
| KRISS USA, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Kriss USA, Inc., removed this case here on August 15, 2014, from Allen Superior Court, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) In the Notice of Removal, Kriss, a Delaware corporation with its principal place of business in Virginia, alleges: "Although the identity of [Plaintiff CCT Enterprises, LLC's] members is not publicly available, CCT's counsel has indicated to Kriss's counsel that CCT's members are all individuals who reside in and are citizens of Indiana." (Notice of Removal ¶ 5.) Defendant's jurisdictional allegations, however, inadequately set forth the citizenship of Plaintiff.

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Defendant cannot, as it attempts to do here, merely allege a "naked declaration that there is diversity of citizenship" in its Notice of Removal. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Thus,

the Court must be advised of each member of Plaintiff CCT Enterprises, LLC, and such member's citizenship.[1] *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes).

Therefore, Defendant is ORDERED to supplement the record on or before August 29, 2014, by filing an Amended Notice of Removal properly alleging the identity and citizenship of each member of Plaintiff.

SO ORDERED.

Enter for this 15th day of August, 2014.

                                                  s/ Roger B. Cosbey
                                                  Roger B. Cosbey,
                                                  United States Magistrate Judge

---

[1] "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).