UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CCT ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-CV-249 |
| | ) | |
| KRISS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties, which the Court deems to be a motion, seeking approval of a proposed Agreed Protective Order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 21.) Because the proposed Order is inadequate in several ways, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Here, however, the parties fail to specify any basis for a finding of good cause.

For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248 (S.D. Ind. Nov. 28, 2001) (emphasis omitted). "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Moreover, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook*, 206 F.R.D. at 248-49 (same); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same). But the proposed order fails to articulate *any* categories of information and instead allows either party "in good faith" to deem any discovery materials "Confidential." (Proposed Agreed Protective Order ¶ 2.) The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid.[1] *See, e.g., Cincinnati Insurance*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Also, paragraph 13 of the proposed order provides that the order shall continue to be binding after the conclusion of the litigation. To clarify, the Court is unwilling to enter a protective order that suggests the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

In sum, a protective order "may not issue absent an appropriate showing of good cause,

---

[1] Of course, "the same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). Accordingly, the proposed Order enjoys wider latitude because it requires that the parties seek leave of Court to file Confidential materials under seal. (Proposed Agreed Protective Order ¶ 10.) Nevertheless, the parties must still establish good cause for the entry of the Order.

as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For the foregoing reasons, the Court DENIES approval of the proposed Order submitted by the parties. (Docket # 21.) The parties may, however, submit a motion with a revised protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

    SO ORDERED.

    Enter for this 26th day of January 2015.

                                              S/ Susan Collins
                                              Susan Collins,
                                              United States Magistrate Judge