# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CCT ENTERPRISES, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-CV-249 |
| | ) | |
| **KRISS USA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties, which the Court deems to be a motion, seeking approval of a revised proposed Agreed Protective Order pursuant to Federal Rule of Civil Procedure 26(c).[1] (Docket # 24.) Because the proposed Order is still inadequate in several ways, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Here, however, the parties fail to specify a sufficient basis for a finding of good cause.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same). The definition of "Confidential Information" in the proposed order

---

[1] The revised proposed Agreed Protective Order submitted by the parties is actually an entirely different form of Order, rather than simply a revised version of their first proposed Agreed Protective Order.

"includes" four categories of information (the parties' financial records; the parties' sales, costs and pricing records; customer information; and vendor information), but does not limit protection to such categories, rendering the proposed Order overly broad.[2] (Proposed Agreed Protective Order ¶ 2); *see Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency). Moreover, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Also, although paragraph 19 of the proposed Order states that the parties must obtain further leave of Court to file any "Confidential Discovery Materials" under seal,[3] paragraph 20 at the same time provides for sealing hearings and the trial if Confidential Information is used at such proceedings. The Court is unwilling to adopt paragraph 20. The parties are reminded that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945. That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

---

[2] Having said that, if paragraph 20 were eliminated and the Order was thus limited to the discovery period only, requiring the parties to obtain leave of Court to file any document under seal, the proposed definition of "Confidential Materials" would be adequate. *See Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008) ("[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings.").

[3] The term "Confidential Discovery Materials" appears to be a scrivener's error, as the term was used in the first proposed protective order, but the revised Order refers to "Confidential Information."

2

And as to paragraph 21, which requires the return of Confidential Information to the disclosing party within sixty days of the termination of the litigation, once a document is filed with the Court, it remains part of the record, whether under seal or otherwise.

Finally, the Court is unwilling to adopt paragraph 24, which provides, among other things, that a party may "immediately apply and obtain injunctive relief" against any person who violates or threatens to violate the Order. On this record, the entry of a protective order that relates to unknown non-parties is not justified. *See generally Kraft Foods Global, Inc. v. Dairilean, Inc.*, No. 10 C 8006, 2011 WL 1557881, at *6 (N.D. Ill. Apr. 25, 2011).

In sum, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For the foregoing reasons, the Court DENIES approval of the proposed Order submitted by the parties. (Docket # 24.) The parties may, however, submit a motion with a revised protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 3rd day of February 2015.

> S/ Susan Collins
> Susan Collins,
> United States Magistrate Judge