UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CCT ENTERPRISES, LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:14-CV-249 JD |
| KRISS USA, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant Kriss USA, Inc.'s motion to exclude material produced after discovery. [DE 41]. The relevant facts have been set forth and discussed at length in the party's filings and during the telephonic hearing on the motion. In short, this is a commercial dispute between plaintiff CCT Enterprises, LLC, which manufactures component parts used in firearms, and Kriss USA, Inc., which assembles and sells firearms. Around January 2013, the parties entered an agreement for CCT to manufacture various component parts for Kriss. The terms of the parties' agreement were spread over various purchase orders, quotes, and written and verbal communications. This arrangement continued for over a year, when Kriss terminated the relationship and purported to withdraw its pending purchase orders. CCT then filed this suit for breach of contract and promissory estoppel, claiming that Kriss was not entitled to cancel the orders.

A central point of contention in this matter is what terms the parties agreed to relative to the cancellation of any purchase orders. Some purchase orders contained a caveat stating, "Either party can cancel this purchase order at any time with a 30-day advance notification." [DE 42-1]. The parties also had discussions relative to the cancellation provisions, and as to some of the purchase orders, may have agreed to cross off the caveat. At a deposition held the day prior to

the close of discovery, a CCT employee testified that as to the very first purchase order between the parties, he had discussed the cancellation provision with Kriss, and that pursuant to those discussions, he crossed off the cancellation provision and sent the purchase order back to Kriss. However, no such document had been produced in discovery, though it would have been responsive to document requests Kriss propounded over a year earlier. CCT was unable to locate the document during the deposition, but after subsequent searching, CCT produced the modified purchase order to Kriss on December 14, 2015, shortly after the close of discovery. Consistent with the employee's testimony, the cancellation provision on that document had been crossed off.

Kriss then filed the present motion to exclude the document under Rule 37(c), arguing that CCT failed to timely produce the document during discovery and that Kriss had been prejudiced by its inability to conduct any follow-up discovery on the document, given the close of discovery. Rule 37(c) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; [or]
>
> . . . .
>
> (C) may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004). However, the Seventh Circuit has warned that "'in the normal course of events, justice is dispensed by the hearing of cases on their merits.'" *Id.* at

2

759 (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998)). Thus, the Seventh Circuit "urge[s] district courts to carefully consider Rule 37(c), including the alternate sanctions available," before excluding evidence that may affect a case's outcome. *Id.*

The Court concludes that sanctions are justified under these circumstances, but that instead of excluding the document, the appropriate course is to reopen discovery for the limited purpose of allowing Kriss to conduct any follow-up discovery necessary as to the Modified PO, and to require CCT to pay the reasonable costs of that discovery. To begin with, CCT argues that its failure to produce the document earlier was an honest oversight, and that it has diligently discharged its discovery obligations. The Court has no reason to suspect subjective bad faith by CCT, but that explanation does not undo the prejudice that could accrue to Kriss from the untimely production of the document, or excuse CCT from responsibility for failing to produce the document earlier. Nor has CCT been able to explain why this document was not produced earlier if its search for responsive documents was as diligent as it claims, particularly since this is a document upon which CCT's case is founded. CCT had an obligation to timely produce the document as requested, and it should be CCT that bears the cost for its failure to do so. *Fautek v. Montgomery Ward & Co., Inc.*, 96 F.R.D. 141, 145 (N.D. Ill. 1982) ("Parties are required to respond to requests to produce in a complete and accurate fashion. This in turn requires that parties take reasonable steps to ensure that their responses to requests to produce are complete and accurate. Ultimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion.").

That said, the lack of bad faith does weigh against excluding the document entirely instead of permitting it to cure the prejudice. In that vein, the Court believes that the prejudice to Kriss can be appropriately remedied by re-opening discovery and requiring CCT to bear the costs

of that discovery. In arguing that exclusion is the appropriate remedy, Kriss relies heavily on *Davis v. Lakeside Motor Company, Inc.*, No. 3:10-cv-405, 2014 WL 1316945 (N.D. Ind. Mar. 31, 2014). However, the circumstances in that case were much more aggravating than the circumstances here, and warranted a more severe sanction. In *Davis*, the documents in question were disclosed after the case had been pending for over three years, discovery had been closed for over a year, dispositive motions had already been ruled on, and a trial date had already been set. The documents also only came to light when the defendant produced them among its proposed trial exhibits, and some of them had been in counsel's possession for over two years before they were produced. The circumstances of the disclosure and other instances of misconduct by the defendant also reflected a general indifference to the party's discovery obligations. Under those circumstances, the Court concluded that reopening discovery at such a late stage and further delaying trial was not appropriate, so it excluded the documents. Here, however, this case is not nearly as old, and a trial date has not yet been set. The document's existence was also disclosed during the discovery period, and the document itself was produced only shortly thereafter. And as just noted, the circumstances here are not indicative of any bad faith. Therefore, the same result as in *Davis* is not compelled here.

Imposing no sanction at all would leave Kriss unfairly prejudiced, though, as Kriss would be deprived of the opportunity to conduct discovery into the document and its authenticity. To conduct adequate inquiry into the document, it appears reasonable for Kriss to re-depose at least Mr. Nagel and Mr. Stevenson, the two individuals whose communications allegedly led to the modification. Kriss has already conducted depositions of both of those individuals, and if CCT had timely produced the document in question, Kriss could have fully questioned those witnesses about the document with little expense. But to re-depose them, it will have to schedule, prepare

for, and attend the additional depositions and also retain court reporters. Accordingly, the Court believes that it is appropriate to require CCT to reimburse Kriss for those attorneys' fees and costs, which would not have been incurred had the document been timely produced. Kriss also raised the possibility of retaining an expert to analyze the document's authenticity, which Kriss asserts has been called into question by the circumstances of its production. To the extent such an analysis is even feasible and would be reasonable under the circumstances, Kriss may seek recovery for those expenses also. Kriss may also seek recovery of its expenses in propounding any additional written discovery that may be necessary. As discussed at the telephonic hearing, however, the Court will require Kriss to submit an estimate of the reasonable expenses it believes will be necessary to conduct the appropriate discovery. Should CCT wish to withdraw the document rather than incur those expenses, it may do so.

Finally, Kriss also seeks an award of attorneys' fees that it incurred in bringing this motion. CCT's only response specific to that request was that it should be denied because Kriss failed to adequately confer with CCT before filing the motion, as required under the local rules. Though the Federal Rules of Civil Procedure do not require parties to confer before filing a motion to exclude under Rule 37(c), Local Rule 37-1(a) imposes such a requirement on "any discovery motion." However, the Court finds that Kriss adequately met that requirement. Prior to filing its motion, Kriss sent a letter to CCT requesting that it agree to the relief that Kriss sought in its motion, and detailing the factual support for that request. CCT responded by declining to agree. Under the circumstances, further discussion would likely have been unfruitful, as CCT was unlikely to withdraw the document voluntarily or agree to pay Kriss' expenses if discovery was reopened. Accordingly, the Court will award Kriss its reasonable expenses in bringing the motion, as authorized by Rule 37(c)(1)(A).

In summary, Kriss' motion to exclude [DE 41] is GRANTED in part, in that the Court will reopen discovery for the limited purpose of allowing Kriss to conduct reasonable follow-up discovery into the Modified PO, and will require CCT to reimburse Kriss for the reasonable expenses it incurs in conducting that discovery. Kriss is ORDERED to file a notice, by April 11, 2016, itemizing the reasonable expenses it expects to incur through that discovery. CCT may file any response by April 18, 2016. The Court will then approve the reasonable expenses and reopen discovery for this limited purpose unless CCT chooses to withdraw the document. Kriss is also ORDERED to submit an accounting of the reasonable attorneys' fees it incurred in bringing this motion, by April 11, 2016, with any response by CCT due April 18, 2016.

SO ORDERED.

ENTERED: March 31, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court