UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CCT ENTERPRISES, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:14-CV-249 JD |
| KRISS USA, INC., | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

The Court previously granted a motion for sanctions by defendant Kriss USA, Inc. The Court held that Kriss would be entitled to conduct limited discovery into an untimely-disclosed document and to be reimbursed by plaintiff CCT Enterprises, LLC for the costs of the discovery. The Court further directed Kriss to submit an estimate of those costs for Court approval prior to reopening discovery, so that CCT could opt to withdraw the document in question instead if it wished to avoid incurring those costs. The Court also awarded Kriss its reasonable expenses in bringing the motion, which Kriss has also submitted. CCT objected to both submissions, and the Court considers each in turn.

First, as to the attorneys' fees for the motion to exclude, Kriss seeks $12,184 for its work preparing the motion and the reply and for participating at the hearing. That figure consists of 22.3 hours spent by Eileen Pruitt at a rate of $400 per hour, and 5.1 hours spent by Randall Brown at a rate of $640 per hour. In response, CCT first argues that the Court should deny these fees in total because Kriss did not adequately confer with it prior to filing the motion. CCT represents that had Kriss properly conferred prior to filing the motion, CCT would have either agreed to pay the costs of any additional discovery or would have agreed to withdraw the document, so the expense of filing a motion would have been unnecessary. However, CCT's

own conduct refutes that assertion, as it *still* has not agreed to do either of those things, even after briefing and arguing the motion, receiving the Court's order on that motion, and receiving Kriss' estimated expenses. Thus, as the Court discussed in its previous order, there is little question that court intervention was going to be required for this issue, so Kriss is entitled to recover its expenses in bringing that motion. CCT also objects to time spent by Mr. Brown, arguing that Ms. Pruitt (whose hourly rate is lower) was capable of handling these matters and need not have involved Mr. Brown. However, it was reasonable for Mr. Brown, the lead attorney in this case, to have been involved with and to have spent time on these matters, and the Court finds that having a junior (though still experienced) attorney perform over eighty percent of the work billed represents reasonable and appropriate staffing.

CCT also objects to the total amount of fees as unreasonable, and the Court agrees with CCT in that respect. The briefing on the motion to compel amounted to about 13 pages, and was not so legally or factually complex as to justify over 25 hours of attorney time. In addition, much of Kriss' briefing was spent arguing that the only appropriate remedy was to exclude the document, which the Court did not accept. Thus, to reach a reasonable fee in light of the length and complexity of the briefing and the relief obtained, the Court reduces the total amount of attorneys' fees sought by thirty percent, producing a total award of attorneys' fees of $8,528.80 for the motion to exclude.[1]

CCT next objects to portions of the fees and costs that Kriss anticipates it will incur in conducting the follow-up discovery as to the document in question. Kriss estimates that its expenses will include $1,840 in attorneys' fees for written discovery (three hours by Ms. Pruitt

---

[1] In its reply in support of its fees, Kriss seeks an additional $1,600 for time spent on the fee petition. The Court declines to award that additional amount, as it finds that the fees awarded adequately compensate Kriss for its time.

and one hour by Mr. Brown); $3,840 in attorneys' fees to re-depose Mr. Nagel (eight hours by Ms. Pruitt and one hour by Mr. Brown); $1,600 in attorneys' fees to re-depose Mr. Stevenson (four hours by Ms. Pruitt); $1,000 in court reporter and transcript fees for those depositions; and $3,600 in expert fees for ink-dating to determine the authenticity of the Modified PO.

CCT first objects to any time spent by Mr. Brown. For the reasons just discussed, though, the Court finds that Mr. Brown's limited involvement in this matter is appropriate and that the few hours he proposes to spend are reasonable. CCT also objects to the expert fees to analyze the authenticity of the document, arguing that Kriss would have contested the authenticity of the document regardless of whether it was timely produced. However, that argument overlooks the fact that the circumstances of the document's production are largely what has called its authenticity into question. CCT had previously claimed to have produced all relevant purchase orders, and to have produced all relevant emails. Had the Modified PO been among those items, there would be little reason to question its authenticity. It was not, though, and CCT did not produce the Modified PO until the close of discovery, after its representative claimed during a deposition to have made the alteration and to have sent it back to Kriss. Since none of the previous discovery corroborated the existence or transmission of the Modified PO, it is reasonable for Kriss to investigate its authenticity, and because it was CCT's failure to timely disclose the document that calls its authenticity into question, it is appropriate for CCT to bear the cost of that discovery. That said, the issue may now be moot, as CCT has apparently been unable to locate the original document, which would preclude any ink-dating analysis. To the extent the original becomes available, though, the Court finds the proposed expense to be reasonable.

Finally, CCT argues that the amount of costs is disproportionate to its fault and to the relative importance of the document. However, as previously discussed, the Court finds that CCT is at fault for failing to produce the document earlier when it was supposed to, and the Court finds that the expenses Kriss has identified for pursuing this limited follow-up discovery are reasonable. In addition, to the extent CCT believes those expenses exceed the value of the document, the Court has given CCT the option to instead withdraw the document. The ball is therefore in CCT's court.

Accordingly, the Court ORDERS that Kriss is awarded attorneys' fees in the amount of $8,528.80 for its motion to exclude. The Court also preliminarily approves the estimated fees and costs submitted by Kriss for its follow-up discovery. Unless CCT files a notice by May 4, 2016 stating that it is withdrawing the Modified PO, the Court will re-open discovery for a period of 90 days for the limited purpose of permitting Kriss to conduct follow-up discovery relative to that document, and will require CCT to reimburse Kriss for the reasonable expenses incurred through that discovery.

SO ORDERED.

ENTERED: April 27, 2016

          /s/ JON E. DEGUILIO
Judge
United States District Court